**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                  **Case No.  6:07-CR-48-ORL-19**

**JASON MARLON PARKER,**

        **Defendant.**

_____

# ORDER

       This case comes before the Court on:

1.     Court Order Directing Response on Retroactive Application of Crack Cocaine Amendment (Doc. No. 122, filed May 20, 2008);

2.     Response of the United States to Order Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 125, filed May 27, 2008);

3.     Amended Response of Defendant Jason M. Parker Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. No. 136, filed Aug. 18, 2008).

       Defendant Jason Marlon Parker was convicted of conspiracy to possess with intent to distribute five grams or more of cocaine base and a quantity of marijuana.  (Doc. Nos. 125, 136.) This Court previously found that Parker was ineligible to receive a reduction in sentence under Amendment 706 to the United States Sentencing Guidelines because the Amendment did not lower his placement on the marijuana equivalency table enough to allow for a reduction in his base offense level.  (Doc. No. 115 at 1-4, filed Apr. 4, 2008.)

Since that time, the United States Sentencing Commission promulgated Amendment 715. The Amendment corrects what was deemed to be an anomaly in the Guidelines. U.S. Sentencing Guidelines Manual supp. to 2007 Guidelines Manual 85 (May 1, 2008). After the Amendment became effective, the Court directed the parties to file responses regarding Parker's eligibility to receive a reduction. (Doc. No. 122.)

The Government filed a Response on May 27, 2008, arguing that the Court lacked jurisdiction to modify Parker's sentence because he was sentenced according to a statutorily-imposed mandatory minimum sentence of five years and not according to his Guidelines-calculated offense level. (Doc. No. 125 at 1-3.) Thus, the Government argues, the Amendment did nothing to change his sentence. (*Id.*) However, the Government has appeared to change its position. On June 10, 2008, and again on August 11, 2008, the parties filed Joint Motions requesting that the Court allow them additional time to reach a stipulation on Parker's eligibility for a reduction. (Doc. Nos. 128, 134.)

On August 18, 2008, Parker filed his Response to the Court's Order. (Doc. No. 136.) The Response indicates that Parker and the Government agree that Parker is eligible for a reduction in sentence, but that they disagree on whether the new sentence should be 37 or 33 months. (*Id.* at 1 & n.1.) The Response did not address the earlier-raised issue of whether this Court has jurisdiction to modify Parker's sentence.[1] (*See id.*)

---

[1]     Certain portions of Parker's Response contain analysis that is relevant to the jurisdictional question. (*See* Doc. No. 136 at 4-9 (discussing 18 U.S.C. § 3582 and mandatory minimum sentences).) However, the issue of jurisdiction is not discussed explicitly. Moreover, there is no indication whether this analysis has been adopted by both parties.

-2-

Parties may not stipulate to the subject matter jurisdiction of a federal court. *In re Carbon Dioxide Indus. Antitrust Litig.*, 229 F.3d 1321, 1325-26 (11th Cir. 2000). Courts lack subject matter jurisdiction to revisit a criminal sentence except when provided by 18 U.S.C. § 3582(c) or another applicable statute or rule. *United States v. Dixson*, No. 08-11343, 2008 WL 4140796, at *1 (11th Cir. Sept. 9, 2008).

In this case, the Government originally argued that the Court lacked jurisdiction to modify Parker's sentence because he was sentenced according to a mandatory minimum (for the possession of five grams or more of crack cocaine under 21 U.S.C. § 841) and Amendments 706 and 715 therefore did not affect his statutorily-imposed sentence. (Doc. No. 125 at 1-3.) The argument may have merit. Application Note 1(A) to Guidelines section 1B1.10(a) provides that a reduction under section 3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1, *quoted in United States v. Moore*, No. 08-11230, ___ F.3d ___, 2008 WL 4093400, at *4 (11th Cir. Sept. 5, 2008). The Government has given no explanation of why it abandoned this argument, and neither party has explained how this Court has jurisdiction to modify Parker's sentence.

Based on the foregoing, the United States and Defendant are hereby **ORDERED** to file within **ten (10) days** from the date of this Order Amended Responses which explain the basis of this Court's subject matter jurisdiction to modify Defendant's sentence. If the Parties agree to the same rationale for the existence of subject matter jurisdiction, they may file a Joint Response in lieu of separate Responses.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 23, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record